**UNITED STATES of America for the Use of AIR STREAM PRODUCTS CO., INC., Plaintiff,**

v.

**ESSENTIAL CONSTRUCTION CO., INC., et al., Defendants.**

**No. 71 Civ. 3713.**

United States District Court,
S. D. New York.

Sept. 10, 1973.

Raines & Pollack, New York City, for plaintiff.

M. Carl Levine, Morgulas & Foreman, New York City, for defendants; Jerrold Morgulas, New York City, of counsel.

### MEMORANDUM

LASKER, District Judge.

This is a suit under the Miller Act (40 U.S.C. § 270a et seq) by which use

plaintiff, Air Stream Products Co., Inc., seeks to recover on a payment bond for materials delivered to a subcontractor of a joint venture contractor composed of defendants, Essential Construction Co., Inc., and Himount Constructors, Ltd. The contractor and its surety, the Aetna Casualty & Surety Co., have moved for summary judgment on the ground that use plaintiff did not give them ninety days notice of its claim as required by 40 U.S.C. § 270b(a).

It is undisputed that use plaintiff is seeking recovery for three orders for louvers valued at $6,388, $120 and $25 and shipped on March 24, 1970, March 30, 1970, and September 29, 1970, respectively. Notice of claim was given by letter dated October 26, 1970.

The Miller Act provides that a materialman can recover from a contractor for goods supplied a subcontractor only if he gives "written notice to said contractor within ninety days from the date on which [he] . . . furnished or supplied the last of the material for which such claim is made." 40 U.S.C. § 270b(a). Defendants argue that although notice was apparently given within ninety days of the shipping date of the last order, it is ineffective for one of two reasons: 1) The last shipment was lost in transit and, therefore, cannot be the triggering event since it was not "furnished or supplied"; or 2) even if the last shipment was received, it represents too inconsequential an amount to revive liability as to the prior shipments.

With regard to defendants' first ground, summary judgment is clearly inappropriate, inasmuch as use plaintiff contests the asserted nondelivery of the third shipment and has produced an invoice on which receipt of the item was acknowledged by the subcontractor.

As to the second point, our research (unassisted by use plaintiff's counsel who failed to submit an opposing memorandum as required by Rule 9(b) of the General Rules of this Court) has revealed that the law is less favorable to defendants' position than they would have us believe. It is true that the case on which they rely, United States for use and benefit of J. A. Edwards & Co. v. Peter Reiss Construction Co., 273 F. 2d 880 (2d Cir. 1959), cert. denied, 362 U.S. 951, 80 S.Ct. 864, 4 L.Ed.2d 869 (1960), does stand for the proposition that a shipment under a separate order does not revive the notice period for earlier unrelated shipments. However, as Judge Friendly stated, the question for decision in that case was "the date when the Miller Act . . . requires notice to be given to a contractor by a materialman who has furnished supplies to a subcontractor pursuant to a series of orders *as distinguished from an over-all contract.*" *Id.* (emphasis supplied). Accordingly, the crucial question is not whether the final shipment is large or inconsequential, but rather whether it is made pursuant to an "over-all contract." *Id.* See also United States for Use of General Electric Co. v. H. I. Lewis Construction Co., 375 F.2d 194, 201 (2d Cir. 1967).

Therefore, the legal test is "whether the work was performed and the material supplied as a 'part of the original contract' or for the 'purpose of correcting defects, or making repairs following inspection of the project.'" United States for Use and Benefit of Austin v. Western Electric Co., Inc., 337 F.2d 568, 572–573 (9th Cir. 1964); *accord,* United States for Use of Noland Co. v. Andrews, 406 F.2d 790, 792 (4th Cir. 1969). The fact that separate orders are involved does not necessarily negate the possibility that an over-all contract existed and that the final shipment was part of that contract. United States for Use of Noland Co. v. Andrews, *supra,* at 793. Use plaintiff contends that such an over-all contract existed for the sale of louvers, that all the shipments were made pursuant to that contract, the separate orders merely indicating to the supplier when the louvers were needed. On the record before us, it is impossible to say that this claim is baseless.

Accordingly, since a genuine issue of material fact exists, the granting of summary judgment would be improper and the motion is denied.

It is so ordered.